| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>DUANE MORRIS, LLP<br>By: Edward J. McKee Atty. ID: 085262013<br>30 South 17th Street<br>Philadelphia, PA 19103<br>(215) 979-1586<br>Attorneys for Creditor: TD Bank, N.A. | |
| In Re:<br><br>Keelon Silton Shackleford | Case No.: 25-21727-MBK<br><br>Chapter 13<br><br>Judge: Michael B. Kaplan |

### TD BANK, N.A.'S OBJECTION TO CONFIRMATION OF DEBTOR'S MODIFIED CHAPTER 13 PLAN

TD Bank, N.A. ("**TD Bank**"), by and through its undersigned attorneys, hereby files its Objection to Confirmation of the Debtor's Modified Chapter 13 Plan (ECF No. 30) (the "**Plan**"), and as grounds thereto states as follows:

### FACTS

1. The above captioned debtor ("**Debtor**") is an adult individual who is the present owner of record and resides in certain real property located at 36 Four Corners Road, Blairstown, NJ 07825 ("**Property**").

2. On November 15, 2024, Final Judgment of Foreclosure was entered in favor of TD Bank in the amount of $443,265.66, with costs of $4,582.65, in Superior Court of New Jersey Docket No. F-004200-24 ("**Final Judgment**").

3. On February 10, 2025, the Superior Court of New Jersey granted TD Bank the right to collect an additional $2,168.47 which represents advances made by TD Bank for real estate taxes.

4. On November 3, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of New Jersey (the "**Court**").

5. On December 12, 2025, the Debtor filed their Plan.

6. The Plan included at Page 4 - TD Bank as a Creditor with unknown arrearages with a collateral address of 36 Four Corners Road, Blairstown, NJ 07825, *i.e.,* the Property.

7. The Support Document states that the Debtor disputes TD Bank's Mortgage Claim, despite entry of the Final Judgment in state court.

8. A claim was be filed on behalf of TD Bank on January 9, 2025, based on the Final Judgment and Order for Additional Sums, which is subject to post judgment interest at the prevailing rate from the date of Final Judgment forward ("**Claim**").

9. TD Bank filed an Objection to the Plan on January 9, 2025.

10. Debtor filed a Modified Plan on January 13, 2026.

11. The Modified Plan did not change TD's treatment or address TD's claim or objection.

**ARGUMENT**

**A.    The Modified Plan Should Not Be Confirmed Because It Was Not Filed in Good Faith, But to Cause Delay.**

12. Pursuant to 11 U.S.C. 1325(a)(3) and (7), the Court shall confirm a plan only if "the plan has been proposed in good faith and not by any means forbidden by law," and "the action of the debtor in filing the petition was in good faith[.]"

2

13. Here, as shown by the procedural history outlined below, the Plan was not filed in good faith, but rather, is part of a pattern of delaying TD Bank's enforcement of its foreclosure judgment.

14. The Debtor did not contest the underlying foreclosure prior to entry of the Final Judgment by the New Jersey Superior Court ("**State Court**") on November 15, 2024, nor did the Debtor file any opposition to the Order for Additional Sums entered on February 10, 2025.

15. A Sheriff's Sale was scheduled to be held March 10, 2025.

16. On February 21, 2025, following entry of Final Judgment and Order for Additional Sums, and just 17 days prior to the scheduled Sheriff's Sale, the Debtor filed a motion to vacate the Final Judgment ("**First Motion to Vacate**").

17. On March 28, 2025, the State Court denied Debtor's First Motion to Vacate.

18. On May 12, 2025, Debtor filed a second motion to vacate ("**Second Motion to Vacate**").

19. On May 30, 2025, prior to the Court ruling on the Second Motion to Vacate, Debtor filed a third motion to vacate ("**Third Motion to Vacate**").

20. On June 6, 2025 the State Court denied Debtor's Second Motion to Vacate.

21. On June 25, 2025, the State Court denied Debtor's Third Motion to Vacate.

22. Debtor and TD Bank exhausted all five (5) available statutory adjournments of the Sheriff Sale through to August 11, 2025.

23. On July 16, 2025, the Debtor filed a Motion to Stay Sheriff's Sale.

24. TD Bank consented to the stay of the sale to review the Debtor's loss mitigation request and the State Court partially granted the motion, and adjourned the sale from August 11, 2025 until October 13, 2025, or first available date thereafter.

25. On September 23, 2025, the Debtor filed a Notice of Appeal to the New Jersey Appellate Division.

26. On October 8, 2025, the Debtor filed a second Motion to Stay Sheriff's Sale Pending Appeal.

27. On October 24, 2025, the second Motion to Stay Sheriff's Sale was denied, and the sale was set to proceed on November 3, 2025.

28. On November 3, 2025, the Debtor filed this instant bankruptcy twenty-one (21) minutes prior to the scheduled Sheriff's Sale of the Property.

29. The Debtor, whose theories had been repeatedly rejected by the State Court, turned to the automatic bankruptcy stay to delay TD Bank's enforcement of its foreclosure judgment.

30. Further, the Debtor's Plan and Supplemental document show that Debtor has no intention to pay TD Bank, despite TD Bank's Final Judgment.

31. Because the Plan was not filed in good faith, it should not be confirmed. 11 U.S.C. 1325(a)(3) and (7).

**B.    The Plan Cannot Be Confirmed Because It Violates 11 U.S.C. 1325(a)(5).**

32. The Plan cannot be confirmed because it does not satisfy 11 U.S.C. § 1325(a)(5)'s requirements for confirming a plan involving a secured claim. Under that provision, confirming a plan requires one of three conditions for "each allowed secured claim provided for by the plan":

(A) the holder of such claim has accepted the plan;

(B)    (i) the plan provides that—

(I) the holder of such claim retain the lien securing such claim until the earlier of—

>>> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>>>
>>> (bb) discharge under section 1328; and
>>
>> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>
> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>
> (iii) if—
>
>> (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
>>
>> (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

(C) the debtor surrenders the property securing such claim to such holder . . . .

11 U.S.C. § 1325(a)(5).

33. *None* of these three conditions are present here.

### i. **The requirements of 11 U.S.C. § 1325(a)(5)(A) are not met.**

34. TD Bank has not consented to its treatment under the Plan. Instead, it actively opposes the Plan's confirmation. Therefore, Debtor cannot assert that 11 U.S.C. § 1325(a)(5)(A) allows for confirmation of the Plan.

### ii. **The requirements of 11 U.S.C. § 1325(a)(5)(B) are not met.**

35. 11 U.S.C. § 1325(a)(5)(B) is phrased in the conjunctive. By its plain terms, it requires that the plan provides that (i) the TD Bank retain the lien until the debt is paid, (ii) the value of the property to be distributed to TD Bank, under the plan, be no less than the allowed amount of such claim, and (iii) such distributions be in equal monthly payments. *Id*.

36. Here, Final Judgment was entered against the Debtor in the Foreclosure Action.

37. Furthermore, this debt cannot be cured through a modification. The debt can only now be cured through satisfaction and payment of the Final Judgment amount and accrued post judgment interest.

38. The Plan does not provide for any payments to TD Bank, let alone payments that satisfy the requirements of 11 U.S.C. § 1325(a)(5)(B)(iii).

39. Thus, the Plan cannot be confirmed because it does not comply with 11 U.S.C. § 1325(a)(5)(B).

### iii. The requirements of 11 U.S.C. § 1325(a)(5)(C) are not met.

40. 11 U.S.C. § 1325(a)(5)(C)'s condition is not met because the Debtor has not and does not intend to surrender the Property to TD Bank. Plan at 6. Instead, the Debtor is retaining the Property. Because Trustee is not receiving the Property under the Plan, the Debtor cannot use 11 U.S.C. § 1325(a)(5)(C) as a basis to confirm the Plan.

### C. The Plan Violates 11 U.S.C. 1322(b)(2).

41. A debtor's chapter 13 plan may only "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence[.]" 11 U.S.C. § 1322(b)(2).

42. Here, the Claim is secured only by a security interest in the Property, which is the Debtor's principal residence. Thus, the Claim may not be modified in any way whatsoever by the Debtor through the Plan. Any dispute over the amount of the secured Claim must be resolved by a claim objection.

43. Accordingly, because the Plan does not provide for payment of the entire amount due and owning to TD Bank, the Plan may not be confirmed.

## CONCLUSION

6

WHEREFORE, TD Bank, N.A. prays that confirmation of the Debtor's Chapter 13 Modified Plan, as presently proposed, be denied, and that the Court grant such other and further relief as shall be deemed to be proper.

                                                Respectfully submitted,

**DUANE MORRIS LLP**
*Counsel for TD BANK, N.A.*

/s/ Edward J. McKee
Edward J. McKee

Date: January 27, 2026

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>DUANE MORRIS, LLP<br>By: Edward J. McKee Atty. ID: 085262013<br>30 South 17th Street<br>Philadelphia, PA 19103<br>(215) 979-1586<br>Attorneys for Creditor: TD Bank, N.A. | |
| In Re:<br><br>Keelon Silton Shackleford | Case No.: 25-21727-MBK<br><br>Chapter 13<br><br>Judge: Michael B. Kaplan |

### CERTIFICATION OF SERVICE

1. I, Edward J. McKee:

    ☒ represent TD Bank, N.A. in this matter.

    ☐ am the secretary/paralegal for Edward J. McKee, who represents TD Bank, N.A. in this matter.

    ☐ am the _____ in this case and am representing myself.

2. On January 27, 2026, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

    Objection to Confirmation of Plan on behalf of TD Bank, NA

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.


Date: <u>January 27, 2026</u>              /s/ Edward J. McKee
                                           Edward J. McKee

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Keelon Silton Shackleford<br>36 Four Corners Road<br>Blairstown, NJ 07825 | Debtor | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified Mail/RR<br>☐ Other (    ) |
| Albert Russo<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified Mail/RR<br>☒ Other (ECF Notification) |
| U.S. Trustee<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100 | U.S. Trustee | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified Mail/RR<br>☒ Other (ECF Notification) |