UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with**
**D.N.J.LBR 9004-1**

**STEWART LEGAL GROUP, P.L**.
*Formed in the State of Florida*
Gavin N. Stewart, Esq.
*Of Counsel to Bonial & Associates, P.C.*
401 East Jackson Street, Suite 2340
Tampa, FL 33602
Tel: 813-371-1231/Fax: 813-371-1232
E-mail: gavin@stewartlegalgroup.com
*Attorney for Kubota Credit Corporation*

In re:

Keelon Silton Shackleford
 *dba* Tycromedia, LLC.
*dba* Citidecor LLC.
*dba* Citidecor Realty LLC.
*dba* Citi Farms LLC.

                                    Debtor.

Chapter: 13

Case No.: 25-21727-MBK

Hearing Date: February 11, 2026

Judge Michael B. Kaplan

## RESPONSE TO THE DEBTOR'S MOTION OBJECTING TO PROOF OF CLAIM

Creditor, Kubota Credit Corporation ("Kubota"), files this Response to the Debtor's Motion Objecting to Proof of Claim No. 2-1 (Doc. No. 40) and states as follows:

1.      Kubota timely filed Proof of Claim No. 2-1 asserting a secured claim in the amount of $5,469.94.

2.      The Proof of Claim identifies the collateral securing the obligation as a Kubota B2601HSD-1 tractor and Kubota LA435 loader, including serial number KBUB6BHRVM1B74443, with a stated value exceeding the amount of the claim, namely $9,697.68.

3.      Kubota attached the Retail Installment Contract granting it a valid purchase-money security interest in the equipment, including all attachments and accessions.

4.      Paragraph 5 of the Contract required that the equipment be located at the address listed on the Contract and prohibited relocation without Kubota's written consent. The address identified on the Contract is a New Jersey address, which is the same address listed for the Debtor in this case, and the transaction was consummated with a New Jersey dealer pursuant to New Jersey law.

5.      Additionally, the Proof of Claim includes lien documentation, including a UCC-1 Financing Statement evidencing Kubota's security interest in the equipment.

6.      The Proof of Claim complies with Fed. R. Bankr. P. 3001(c) and (d) and is entitled to prima facie validity.

7.      The Debtor has not offered any evidence to rebut the prima facie validity of the claim. *In re MacFarland*, 462 B.R. 857, 880-81 (Bankr. S.D. Fla. 2011, citing *In re Shank*, 315 B.R. 799, 813 (Bankr.N.D.Ga.2004) ("If there is no substantive objection to the claim, the creditor should not be required to provide further documentation because it serves no purpose other than to decrease the likelihood that a valid claim against the estate will be disallowed on specious grounds.").

**WHEREFORE**, Kubota respectfully requests the Court overrule the Debtor's Objection for such other and further relief as the Court deems just and proper.

Stewart Legal Group, P.L.,
attorney for Kubota Credit Corporation

Dated: January 30, 2026

By:      */s/Gavin N. Stewart*
Gavin N. Stewart, Esq.