| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>DUANE MORRIS, LLP<br>By: Brett L. Messinger Atty. ID: 63020<br>30 South 17th Street<br>Philadelphia, PA 19103<br>(215) 979-1508<br>Attorneys for Creditor: TD Bank, N.A. | |
| In Re:<br><br>Keelon Silton Shackleford | Case No.: 25-21727-MBK<br>Chapter 13<br><br>Judge: Michael B. Kaplan |

# TD BANK, N.A.'S RESPONSE TO DEBTOR'S OBJECTION TO TD BANK, N.A.'s PROOF OF CLAIM
## Preliminary Statement

Debtor Keelon Silton Shackleford ("***Debtor***" or "***Shackleford***") has filed a document (Dkt. 43) purporting to (1) object to TD Bank, N.A. ("***TD Bank***")'s Proof of Claim, and (2) respond to TD Bank's objection to Confirmation.

TD Bank's claim is valid. TD Bank has a final judgment in mortgage foreclosure against Debtor. The fees and costs are part of the judgment that has been entered by the state court. TD Bank is the original lender and servicer. TD Bank is also the holder of the Note and Mortgage TD Bank is the named party in the state foreclosure action and foreclosure judgment. Debtor's contention that TD Bank is not a secured creditor is baseless.

Further, Debtor admits that TD Bank's Claim was filed on January 9, 2026, prior to the expiration of the claim bar date. Debtor repeatedly alleges that TD Bank's claim lacked a 410A or Mortgage. This is simply not true as both documents are filed as part of TD Bank's claim. *See* Claim 5.

    **I.**    **TD Bank's Judgment is Valid**

    **a.**    **TD Bank's Judgment is a valid basis for its Proof of Claim**

TD Bank has a valid foreclosure judgment against Debtor's property. Debtor has attempted three separate motions to vacate TD Bank's Judgment. All three have been denied by the state court. While Debtor has filed an appeal, the judgment remains in place and is valid. TD Bank has properly filed a claim based on its judgment.

    **b.**    **Debtor has set forth no basis to disallow TD Bank's Secured Claim**

Debtor asserts that this Court determines claim allowance and secured stated, but does not provide any basis for this Court to disallow a claim based on a state foreclosure judgment.

    **c.**    **Debtor Admits TD Bank has a State Court Judgment**

Debtor admits TD Bank has a state court judgment. Debtor further states that he does not seek to vacate, modify, or invalidate the state court judgment. Debtor challenges the itemization of the amounts owed. The state court approved judgment sets the amount of the judgment and the taxed costs/counsel fee. These items were included and delineated in TD Banks 410A.

Debtor is free to voluntarily dismiss his bankruptcy to pursue his appeal if he wants to seek modification of the state court judgment.

    **II.**    **TD Bank has a Secured Claim**

    **a.**    **Debtor's Contentions are Meritless**

TD Bank is the mortgagee of a mortgage secured by Debtor's property. Further, TD Bank has a final judgment in mortgage foreclosure against Debtor's property. The contention that TD Bank is not a secured creditor is meritless.

    **b.**    **TD Bank is a Proper Party**

As included in TD Bank's Claim. TD Bank was the originating lender, and is currently the servicer and holder of the note and mortgage. TD Bank's claim has not been transferred. Further, TD Bank has a final judgment in mortgage foreclosure against Debtor's Property.

Further, Debtor's argument fails insofar as if he believes some other entity holds this Mortgage and Note, Debtor has not provided for it in the Plan.

    c.    **TD Bank included the Mortgage and 410A in the Claim**

Debtor's allegation that TD Bank does not have a secured claim is based on the inaccurate contention that TD Bank only attached a copy of the promissory note and the state court judgment. TD Bank not only attached the Note and the state court judgment, but also attached a 410A and the Mortgage. *See* Claim 5, pp. 5, 13-22. Debtor's contention that these documents were not included in the claim is refuted by the filed claim.

TD Bank itemized its claim based on the state court judgment. As this is a final judgment, there are no arrearages that can be cured.

    **III.**    **Debtor is seeking to litigate, Post-Judgment**

Debtor is seeking to litigate the default date and a prior forbearance agreement within this bankruptcy. TD Bank has a final judgment in mortgage foreclosure. The State Court has denied three separate motions to open the judgment. Debtor cannot collaterally attack the foreclosure judgment.

    **IV.**    **Conclusion**

WHEREFORE, TD Bank, N.A. prays that confirmation of the Debtor's Chapter 13 Plan, as presently proposed, be denied, and that the Court grant such other and further relief as shall be deemed to be proper.

                                      Respectfully submitted,

                                      **DUANE MORRIS LLP**

                                      *Counsel for TD BANK, N.A.*

                                      /s/
Date: <u>February 2, 2026</u>                  Brett L. Messinger

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>DUANE MORRIS, LLP<br>By: Brett L. Messinger Atty. ID: 63020<br>30 South 17th Street<br>Philadelphia, PA 19103<br>(215) 979-1508<br>Attorneys for Creditor: TD Bank, N.A. | |
| In Re:<br><br>Keelon Silton Shackleford | Case No.: 25-21727-MBK<br><br>Chapter 13<br><br>Judge: Michael B. Kaplan |

## CERTIFICATION OF SERVICE

1. I, Brett L. Messinger:

    ☒ represent TD Bank, N.A. in this matter.

    ☐ am the secretary/paralegal for Brett L. Messinger, who represents TD Bank, N.A. in this matter.

    ☐ am the _____ in this case and am representing myself.

2. On _____, 2026, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

    TD Bank Response to Debtor's Objection to TD Bank's Proof of Claim

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.


Date: _____, 2026                            /s/ _____

                                                  Brett L. Messinger

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Keelon Silton Shackleford<br>36 Four Corners Road<br>Blairstown, NJ 07825 | Debtor | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified Mail/RR<br>☐ Other (   ) |
| Albert Russo<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified Mail/RR<br>☒ Other (ECF Notification) |
| U.S. Trustee<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100 | U.S. Trustee | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified Mail/RR<br>☒ Other (ECF Notification) |

DM1\20563465.2